[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant, Terrance D. Carson, appeals the judgment of the Ashtabula County Court of Common Pleas which denied his petition for postconviction relief. Appellee, the state of Ohio, has filed an answer brief. For the reasons that follow, we affirm the judgment of the trial court.
After waiving prosecution by indictment, appellant was charged by way of information on December 8, 1994 with two counts of felonious assault, in violation of R.C. 2903.11(A)(1). On the same day, appellant appeared before the trial court and entered both written and oral guilty pleas to both counts. The trial court accepted the pleas, finding appellant guilty on both counts. This judgment entry was also filed on December 8, 1994.
Appellant came before the court for sentencing on February 13, 1995. In a judgment entry filed on February 14, 1995, the trial court sentenced appellant to a definite term of imprisonment of five years on each count, to run consecutively. The trial court subsequently entered a nunc pro tunc judgment entry, indicating that the sentence should be modified to an indefinite term of five to fifteen years on each count, to run consecutively.
Appellant took no appeal of his convictions or sentence; however, he filed a Crim.R. 32.1 motion to withdraw his guilty pleas on March 1, 1995. In appellant's affidavit accompanying the motion, appellant alleged that his retained counsel promised him that if he (appellant) would plead guilty to the two counts, the attorneys would guarantee that appellant would receive shock probation after he served six months of his prison term. Appellant stated that he did not commit the alleged crimes and only admitted to the same due to the promises made to him by his attorneys. The state opposed the motion, attaching an affidavit of one of appellant's attorneys which indicated that although the attorney never guaranteed shock probation after six months, he did tell appellant that the state offered a six-month sentence if appellant's presentence investigation came back "positive."
The trial court conducted a three-day evidentiary hearing on the matter. Appellant and various relatives testified on appellant's behalf. Appellant also called his two attorneys to the stand, as well as the Ashtabula City Solicitor and the Ashtabula County Prosecutor. The state called one of appellant's attorneys to the stand.
The trial court rendered its judgment denying the motion to withdraw the guilty pleas on July 26, 1995. The trial court found that appellant's attorney told appellant that he would receive a favorable recommendation from the state for a six-month sentence if he had a favorable presentence investigation, despite the fact that appellant was not eligible for such a sentence. However, the trial court also found that the attorney never guaranteed the same and that the attorney told appellant that the trial court would have the final say as to appellant's ultimate sentence.
The trial court further noted that it had explained to appellant that the subject offenses were non-probational ones since they were committed with a firearm. The trial court also explained that if appellant "received three, four, five, six, seven or eight years, and if they were ordered to be served at [sic] actual incarceration, he would not be eligible for probation, shock probation, parole, shock parole or furlough, and the defendant said he understood."
Finally, the trial court noted:
 "The defendant was asked in open Court if he understood that the offense was non-probationable and he answered in the affirmative. He said he felt the State could prove the charges against him and that he felt it was in his best interest to plead guilty."
Appellant took no appeal of this decision. However, through counsel, he filed a petition for postconviction relief on April 14, 1997. A review of this petition and the transcripts of the proceedings on appellant's Crim.R. 32.1 motion reveal that appellant premised his petition on the exact same grounds which formed the basis for the prior Crim.R. 32.1 motion, to wit: ineffective assistance of counsel during the plea proceedings.[1] Moreover, the underlying allegations in support of this claim were identical, i.e., (1) that counsel erroneously advised/guaranteed appellant as to his possible sentence, thereby causing him to plead guilty to the charges on inaccurate information and thus rendering his pleas less than knowingly, voluntarily and intelligently made; and (2) that counsel failed to investigate fully the state's evidence before they advised appellant to enter the guilty pleas, again calling into question the knowing, voluntary and intelligent nature of his pleas.
Although the trial court did not grant an evidentiary hearing on appellant's petition, it did receive oral arguments from counsel before rendering its decision to deny the petition.[2]
In a judgment entry filed on October 29, 1997, the trial court indicated that it saw no reason to modify its earlier decision denying the Crim.R. 32.1 motion, thereafter incorporating that judgement entry denying the motion into the October 29, 1997 judgment entry.
Appellant perfected a timely appeal of the October 29, 1997 judgment, asserting one assignment of error:
 "THE COURT OF COMMON PLEAS ERRED IN DENYING APPELLANT'S PETITION FOR POST CONVICTION RELIEF PURSUANT TO OHIO REVISED CODE SECTION 2953.21 IN THAT THE COURT RULED THAT PETITIONER WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
Initially, we note that appellant's petition for postconviction relief was untimely pursuant to R.C. 2953.21(A)(2) and2953.23(A).[3] These sections were amended by Am.Sub.S.B. No. 4, effective September 21, 1995. Thus, they are applicable to the case at bar as appellant filed his petition after the effective date.
Further, R.C. 2953.23(A) prohibits a trial court from entertaining an untimely petition unless certain factors apply. Here, appellant has not attempted to show that either of the requisite factors listed under R.C. 2953.23(A)(1)(a) or (b) apply.[4]
Hence, the trial court was without jurisdiction to entertain the petition and should not have done so. State v. Watters (Dec. 26, 1997), Trumbull App. No. 96-T-5606, unreported, at 5-6, 1997 Ohio App. LEXIS 5863; State v. Kinion (Sept. 30, 1997), Wood App. No. WD-97-026, unreported, 1997 Ohio App. LEXIS 4389; Vroman
1997 Ohio App. LEXIS 1561; see, also, State v. McMinn (Sept. 10, 1997), Medina App. No. 2653-M, unreported, 1997 Ohio App. LEXIS 4121; State v. Poindexter (Aug. 29, 1997), Hamilton App. No. C-960780, unreported, 1997 Ohio App. LEXIS 3812.
Regardless, as the trial court's decision intimates, appellant's claim was barred by the doctrine of res judicata as it had been fully litigated during the prior proceedings on appellant's Crim.R. 32.1 motion.[5] See State v. Perry
(1967), 10 Ohio St.2d 175, paragraph eight of the syllabus (The doctrine of res judicata will be applied in postconviction relief proceedings.); State v. Morris (Aug. 3, 1993), Franklin App. No. 93AP-410, unreported, at 8, 1993 Ohio App. LEXIS 3833 (Resjudicata bars a defendant who failed to appeal the denial of his Crim.R. 32.1 motion from raising the same issues raised in the Crim.R. 32.1 motion in a subsequent petition for postconviction relief.) See, also, State v. Koone (Apr. 17, 1975), Franklin App. No. 75AP-34, unreported, 1975 Ohio App. LEXIS 7404 (The defendant cannot use Crim.R. 32.1 as an attempt to gain reconsideration of a prior decision denying his petition for postconviction relief.)
Finally, appellant failed to attach to his petition any evidentiary materials in support of his claim of ineffective assistance of counsel which would demonstrate that an evidentiary hearing on the matter was warranted or that the petition should have been granted. See State v. Jackson (1980), 64 Ohio St.2d 107, syllabus "(In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.") In particular, no new facts were alleged by way of affidavit in support of the petition which would demonstrate that appellant was denied the effective assistance of counsel below.
In light of the foregoing analysis, appellant's sole assignment of error is not well-taken. The judgment of the trial court is affirmed. _______________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J.,
O'NEILL, J., concur.
[1] In support of his claim, appellant attached to his petition only a few pages from the transcripts of the prior Crim.R. 32.1 proceedings.
[2] We have no transcript of this proceeding before us.
[3] In a case where a criminal defendant fails to file a direct appeal of his conviction or sentence, he has two hundred ten days after being sentenced to file a petition for postconviction relief. See State v. Linville (Sept. 26, 1997), Lake App. No. 96-L-015, unreported, at 11, n. 9. However, the legislature provided a different time limit for filing postconviction relief petitions for those sentenced prior to September 21, 1995. In such cases, the latest that the petition may be filed is one year after the effective date of the amendments to R.C. 2953.21. See Statev. Vroman (Apr. 15, 1997), Ross App. No. 96CA2258, unreported, 1997 Ohio App. LEXIS 1561, citing Section 3, Am.Sub.S.B. No. 4;State v. Kiraly (Mar. 13, 1998), Geauga App. No. 96-G-2037, unreported, at 7-9, 1998 Ohio App. LEXIS 995. Appellant's petition, filed on April 14, 1997, was clearly untimely.
[4] R.C. 2953.23(A) states:
 "* * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." (Emphasis added.)
[5] On this point we note that postconviction relief should be granted when a denial or infringement of a defendant's rights renders the judgment of conviction void or voidable under the state and/or federal constitutions. R.C. 2953.21(A)(1). Relief under Crim.R. 32.1 should be granted after sentencing only to correct a manifest injustice. Despite the difference in the language of the two standards, in practice, the standards are identical. Indeed, both types of relief are very narrowly granted.